Carney R. Shegerian, Esq. (State Bar No. 150461)
CShegerian@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone: (310) 860-0770
Facsimile: (310) 860-0771

Peter A. Javanmardi, Esq. (State Bar No. 258449)
peter@javanmardilaw.com
Marc A. Holmquist, Esq. (State Bar No. 258406)
marc@holmquistlaw.com
Miranda A. Mossavar, Esq. (State Bar No. 279251)
miranda@mossavarlaw.com
JAVANMARDI LAW, PC | HOLMQUIST LAW, PC
1875 Century Park East, Suite 2250
Los Angeles, California 90067
Telephone: (424) 286-4240

Attorneys for Plaintiff HADY ELKOBAITRY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HADY ELKOBAITRY,

Plaintiff,

v.

HOWMET AEROSPACE, INC.; HOWMET GLOBAL FASTENING SYSTEMS, INC.; and DOES 1 through 10, Inclusive,

Defendants.

Case Number: 2:24-cv-05138 MRA (JPRx)

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER TO REMAND TO THE LOS ANGELES SUPERIOR COURT**

(Filed Concurrently with Notice of Motion and Motion, Declaration of Peter Javanmardi, Declaration of Hady Elkobaitry, [Proposed] Order)

**Date: Thursday, September 12, 2024**
**Time: 1:30 p.m.**
**Courtroom: 10B**

**Judge: Hon. Monica Ramirez Almadani**
**Magistrate: Jean P. Rosenbluth**

**Trial Date: None Set**
**Action Filed: May 15, 2024**
**Action Removed: June 19, 2024**

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ..... 1

A. There is Not Complete Diversity of Citizenship ..... 1

II. PROCEDURAL HISTORY ..... 1

A. Plaintiff's State-Based Lawsuit Filed on May 15, 2024. ..... 1

B. Defendants Remove this Action to Federal District Court ..... 2

C. The Parties Met and Conferred Pursual to Local Rule 7-3 ..... 2

III. RELEVANT FACTS ..... 3

A. Plaintiff's Employment for Defendants in California ..... 3

B. Plaintiff Begins to Experience Health Complications ..... 3

C. Plaintiff is Stripped of Job Duties While on a Medical Leave of Absence ..... 4

D. Shortly After Returning From his Medical Leave of Absence Plaintiff is Terminated Without Warning ..... 4

IV. LEGAL ARGUMENT ..... 5

A. This Motion to Remand to State Court is Timely ..... 5

B. The Authority to Remand This Matter to State Court ..... 5

C. Defendants Fail to Satisfy Their Heavy Burden of Showing Diversity Existed at the Time of Removal ..... 6

i. Defendants' Initial Burden Is Strictly Construed ..... 6

ii. Defendants Fail to Establish Under Their Heavy Burden that there is Complete Diversity of Citizenship, i.e., That Defendant Howmet Global Fastening Systems, Inc. is Not a Citizen of California ..... 6

G. Plaintiff Requests Attorneys' Fees and Costs. ..... 8

V. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6 (1951) .......... 6

*Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997) .......... 7

*Burns v. Azusa Pac. Univ.*, 2020 WL 7229762 (C.D. Cal. Dec. 8, 2020) .......... 2, 10, 12

*Carpenters Southern Ca. Admin. v. Majestic Housing*, 743 F.2d 1341 (9th Cir. 1984) .......... 8

*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413 (9th Cir. 2018) .......... 7

*Dechow v. Gilead Scis., Inc.*, 358 F. Supp. 3d 1051, 1055 (C.D. Cal. 2019) .......... 13

*Duncan v. Stuetzle*, 76 F.3d 1480 (9th Cir. 1996) .......... 7

*Gaus v. Miles, Inc.*, 980 F.2d 564 (9th Cir. 1992) .......... 7

*Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102 (9th Cir. 2010) .......... 7

*Griffis v. S. S. Kresge Co.* (1984) 150 Cal.App.3d 491 .......... 14

*Harris v. Bankers Life & Casualty Co.*, 425 F.3d 689 (9th Cir. 2005) .......... 7

*Hertz Corporation v. Friend*, *130 S.Ct. 1181* (2010) .......... 6

*Int'l Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72 (1991) . 6

*Knapp v. Superior Court* (1978) 79 Cal.App.3d 799 .......... 14

*Koch v. Medici Ermete & Figli S.R.L.*, 2013 WL 18985444 (C.D. Cal., May 6, 2013) 15

*Krasnov v. Dinan*, 456 F.2d 1298 (3d Cir. 1972) .......... 8

*Lew v. Moss*, 797 F.3d 747 (9th Cir. 1986) .......... 8

*Lively v. Wild Oats Mkt., Inc.*, 456 F.3d 933 (9th Cir. 2006) .......... 10, 11

*Llanos v. Delta Air Lines. Inc.*, 2020 WL 635477 (C.D. Cal. Feb. 11, 2020) . 2, 7, 10-12, 14

*Marsh v. Monster Beverage Corp.*, 2016 WL 11508266 (C.D. Cal. Jan. 4, 2016) .......... 11, 12

*Moore v. Permanente Med. Grp.*, 981 F.2d 443 (9th Cir. 1992) .......... 15

*N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034 (9th Cir. 1995) ........ 7

*Oster v. Standard Life Ins. Co.*, 2009 WL 1260174 (N.D. Cal. May 6, 2009) ........ 15

*Pasadena Medi-Ctr. Assocs. v. Superior Court for Los Angeles Cty.*, 27 Cal. App. 3d 122 (1972) ........ 14

*Penn v. Amazon.com. Inc.*, 2017 WL 8229625 (C.D. Cal. May 24, 2017) ........ 12

*Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261 (9th Cir. 1999) ........ 7

*Reynolds v. Adden*, 136 U.S. 348 (1890) ........ 8

*Standing v. Watson Pharma., Inc.*, 2009 WL 842211 (C.D. Cal. Mar. 26, 2009) ........ 12

*Sun Printing & Pub., Ass'n. v. Edwards*, 194 U.S. 377 (1904) ........ 8

*Tresway Aero, Inc. v. Sup. Ct.*, 5 Cal.3d 431 (1971) ........ 14

*Vallejo v. Amgen, Inc.*, 2013 WL 12147584 (C.D. Cal. Aug 30, 2013) ........ 13

*Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244 (11th Cir.2004) 15

*Zirkin v. Shandy Media, Inc.*, 2019 WL 626138 (C.D. Cal. Feb. 14, 2019) ........ 13

**Statutes**

F.R.C.P. 12(h)(3) ........ 6

28 U.S.C. § 1332 ........ 6, 7

28 U.S.C. § 1441 ........ 1, 6-11, 13

28 U.S.C. § 1447(c) ........ 6, 7, 15

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Hady Elkobaitry moves to remand this matter to the Los Angeles Superior Court because Defendants improperly removed the action to federal court where there is no diversity of citizenship. Plaintiff attempted to meet and confer, bringing to light the specific deficiencies in the argument, but Defendants ignored Plaintiff's efforts and refused to stipulate to remand. As such, an award of attorneys' fees and costs is appropriate here given Defendants conduct that completely contradicts their filing with the California Secretary of State.

### A. There is Not Complete Diversity of Citizenship.

Defendant Howmet Global Fastening Systems, Inc. was undisputedly one of Plaintiff's employers and is a citizen of California. Plaintiff, too, is a citizen of California. There is no dispute that if Howmet Global Fastening Systems, Inc. is a citizen of California, diversity would not exist. Defendants have not met their burden to prove Howmet Global Fastening Systems, Inc. is not a citizen of California, as the removal asserts. Thus, the Court should grant Plaintiff's motion to remand because there is not complete diversity.

## II. PROCEDURAL HISTORY

### A. Plaintiff's State-Based Lawsuit Filed on May 15, 2024.

On May 15, 2024, Plaintiff filed this action in the Los Angeles Superior Court alleging state law claims primarily under the California Fair Employment and Housing Act ("FEHA"). **(Javanmardi Decl. ¶3, Ex. 1, Complaint.)** The Complaint includes claims for (1) Discrimination (based on disability and medical condition); (2) Failure to Provide Reasonable Accommodation; (3) Failure to Engage in the Interactive Process; (4) Harassment; (5) Retaliation; (6) Failure to Prevent Discrimination and/or Retaliation; (7) Whistleblower Retaliation (Lab. Code §1102.5); (8) Wrongful

Termination in Violation of Public Policy; and (9) Intentional Infliction of Emotional Distress.

### B. Defendants Remove this Action to Federal District Court.

On June 18, 2024 Defendants removed this action to Federal District Court and then on June 19, 2024 provided notice to Plaintiff and his counsel. **(Javanmardi Decl. ¶5.)**

### C. The Parties Met and Conferred Pursual to Local Rule 7-3.

Plaintiff's counsel immediately started the meet and confer process with Defendants' counsel in emails on June 24, and July 5, 8-11, 2024, requesting that Defendants stipulate to remand this matter as Howmet Fastening Systems, Inc.'s own filing with the California Secretary of State made it clear it was a California resident. **(Javanmardi Decl. ¶¶ 4-6, Ex. 2.)** Thereafter, on July 15, 2024, further met and conferred with Defendants' counsel via video conference regarding Plaintiff's contemplated Motion to Remand. Defendants' counsel confirmed at that time that Defendants could not stipulate to remand. Defendants' counsel did not have an explanation for Howmet Global Fastening Systems, Inc.'s filing with the California Secretary of State and claimed their executive, administrative, and financial offices along with corporate decisions were made in Pennsylvania, contradicting their filing with the California Secretary of State, including the fact that the CEO resides in California. **(Javanmardi Decl. ¶7.)**

Defendants refused to remand the case voluntarily, requiring this motion.

## III. RELEVANT FACTS

### A. Plaintiff's Employment for Defendants in California.

Plaintiff previously worked for Defendants' predecessors, beginning with Fairchild Fasteners from 1997 to 2002, at which time it was purchased by Alcoa Corporation. Plaintiff then worked for Alcoa Corporation from 2002 through 2017, at which time Alcoa Corporation split into Alcoa Corporation and Arconic, Inc. Plaintiff became an employee of Arconic, Inc. until 2020 when it split into Arconic, Inc. and

HOWMET. At that time Plaintiff became an employee of HOWMET. **(Ex. 1, Compl. ¶13.)**

Plaintiff was previously defendant Howmet Global Fastening Systems, Inc.'s Director of Operations for their facility in City of Industry. In 2021, Plaintiff was promoted to General Manager of three different HOWMET facilities. Then, in July of 2022, Plaintiff was promoted to Vice President and General Manager with responsibility for seven different businesses at five different HOWMET facilities. As a prerequisite for this promotion, to vet Plaintiff and determine his readiness, Howmet Global Fastening Systems, Inc. required Plaintiff to undergo a full day of capability, psychological, critical thinking, and leadership assessments. Plaintiff was also sent to an executive development course in October 2022 as part of his long-term plan for staying with HOWMET and continuing to progress. **(Ex. 1, Compl. ¶14.)**

Plaintiff consistently received above average reviews, bonuses, and met or exceeded goals, including 2022 and 2023. Plaintiff was 47 years old at the time of his wrongful termination in April 2023. **(Ex. 1, Compl. ¶15.)**

### B. <u>Plaintiff Begins to Experience Health Complications.</u>

Starting in 2022, Plaintiff started experiencing health complications that were believed to be caused by stress and anxiety. Specifically, Plaintiff was dealing with significant changes in the workplace that he felt were unfair, unlawful, and against policies and procedures that he had worked with for over 20 years. Plaintiff voiced his concerns, and he also reported his health issues to management including to HR Director, Sue Kimble. **(Ex. 1, Compl. ¶16.)**

The extreme stress and anxiety continued, and on or about February 23, 2023, Plaintiff suffered a heart attack that resulted in a further disability that required additional reasonable accommodations, including time off or a medical leave of absence. Plaintiff notified his supervisors and Howmet Global Fastening Systems, Inc.'s human resources department in writing and verbally about his heart attack and need for a medical leave of absence. During his leave of absence, Plaintiff provided

weekly updates to his supervisor and human resources on his status and progress towards returning to work. **(Ex. 1, Compl. ¶17.)**

### C. Plaintiff is Stripped of Job Duties While on a Medical Leave of Absence.

On or about March 10, 2023, Plaintiff's supervisor, Luke Van Dongen, called Plaintiff during his leave of absence and informed him that he was being stripped of his supervising duties for three businesses at his one of his Fullerton facilities. **(Ex. 1, Compl. ¶18.)**

Each of these businesses had been performing well financially, but Van Dongen told Plaintiff "you don't have time for them anyway." Van Dongen falsely accused Plaintiff of an inability to continue supervising these facilities, which was defamatory and which on information and belief was published to third parties (people other than Plaintiff) without the need to know and for the purpose of establishing a false narrative eventually to support Plaintiff's termination based on his disability, age, and/or protected activities. **(Ex. 1, Compl. ¶19.)**

### D. Shortly After Returning From his Medical Leave of Absence Plaintiff is Terminated Without Warning.

Plaintiff returned from his leave of absence on or about March 31, 2023. However, Plaintiff remained disabled, and required and requested time-off or flexibility in his schedule to attend cardiac rehabilitation sessions three times per week over the course of twelve weeks after returning to HOWMET. **(Ex. 1, Compl. ¶20.)**

Less than three weeks later, on April 19, 2023, without any warning or justification, Plaintiff's employment was terminated. Howmet Global Fastening Systems, Inc. claimed that Plaintiff's termination was a result of a position elimination due to an overall restructuring and cost reduction initiative, but Plaintiff was the only one singled out for termination as part of this purported restructuring and reduction in force. Plaintiff raised the issues of harassment, discrimination, and retaliation based on his disability at the time of his termination, but he was ignored and the termination

stood. Plaintiff continued to raise these issues through his EEOC investigation. Still, Defendants failed to offer Plaintiff any opportunity to return to work. **(Ex. 1, Compl. ¶21.)**

## IV. LEGAL ARGUMENT

### A. This Motion to Remand to State Court is Timely.

A defect in the federal court's subject jurisdiction can be raised at any time, even on appeal. *Int'l Primate Protection League v. Administrators of Tulane Ed. Fund,* 500 U.S. 72, 87 (1991); *Am. Fire & Cas. Co. v. Finn,* 341 U.S. 6, 17-18 (1951); *see also* 28 U.S.C. § 1447(c); F.R.C.P. 12(h)(3). Even applying a deadline of 30 days after the removal notice (28 U.S.C. § 1447(c)), the motion is timely. The removal papers were filed on June 18, 2024, with notice to the Superior Court on June 19, 2024. 30 days from June 19 falls on July 19, 2024.

### B. The Authority to Remand This Matter to State Court.

A motion for remand is the proper procedure to challenge removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The removal statute (28 U.S.C. §1441) is strictly construed against removal jurisdiction, and any ambiguity is resolved in favor of remand. *See Harris v. Bankers Life & Casualty Co.,* 425 F.3d 689, 698 (9th Cir. 2005); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

It is the removing party's burden to establish removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106-7 (9th Cir. 2010); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) ["Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."]. "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Remand "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251,

1257 (9th Cir. 1997); *see also Chavez v. JPMorgan Chase & Co*., 888 F.3d 413, 415 (9th Cir. 2018).

**C. <u>Defendants Fail to Satisfy Their Heavy Burden of Showing Diversity Existed at the Time of Removal.</u>**

**i. <u>Defendants' Initial Burden Is Strictly Construed.</u>**

Defendants' burden is to prove that there is complete diversity of citizenship among the parties and that the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. If a citizen who shares citizenship of the state of any plaintiff is a proper party to the action, there is no diversity, and the district court lacks subject matter jurisdiction under 28 U.S.C. section 1332, defeating defendants' petition for removal. *See* 28 U.S.C. § 1441. Placing such a strict burden on the party seeking removal reflects the notion that a plaintiff should be free to decide what law he or she will rely on. *Carpenters Southern Ca. Admin. v. Majestic Housing,* 743 F.2d 1341, 1343-1344 (9th Cir. 1984).

**ii. <u>Defendants Fail to Establish Under Their Heavy Burden that there is Complete Diversity of Citizenship, i.e., That Defendant Howmet Global Fastening Systems, Inc. is Not a Citizen of California.</u>**

In *Hertz Corporation v. Friend*, *130 S.Ct. 1181* (2010), the United States Supreme Court adopted the "nerve center" approach to determine a corporation's principal place of business for the purposes of diversity jurisdiction. *Id*. at 1185-86, 1192. The High Court held that a "principal place of business" is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Id*. at 1186. Even if a corporation has locations and operations in multiple states, its citizenship for federal jurisdiction is based on its state of incorporation or its principal place of business. This rule ensures that corporations cannot manipulate their citizenship to gain access to federal courts or avoid state court jurisdiction by simply operating in multiple states.

By designating the state of incorporation or principal place of business as the corporation's citizenship, federal courts can determine diversity jurisdiction based on the parties' actual connections to different states and ensure fair and impartial adjudication of legal disputes across state boundaries. Therefore, even if a corporation operates in numerous states, it is considered a citizen of one state for purposes of federal jurisdiction to maintain consistency and fairness in the application of diversity jurisdiction rules.

Here, Howmet Global Fastening Systems, Inc.'s citizenship is clearly California as it does not operate in any other states. In fact, the following facts clearly establish Howmet Global Fastening Systems, Inc.'s California citizenship:

(1) Howmet Global Fastening Systems, Inc.'s 2024 Statement of Information Corporation filed with the State of California represented the following: (**Javanmardi Decl. ¶4, Ex. 2.**)

   a. The principal office of the corporation was located in Torrance, California;

   b. The mailing address of the corporation was in Torrance, California;

   c. The company's Chief Financial Officer is based out of Torrance, California.

   d. The company's Chief Executive Officer is based out of Torrance, California.

   e. The company's Secretary is based out of Torrance, California.

(2) All of Howmet Global Fastening Systems, Inc.'s executive, administrative, and financial employees and offices were based in Torrance, California. Additionally, Howmet Global Fastening Systems, Inc.'s corporate decisions, including operational, executive, administrative, policymaking decisions, strategy decisions, and tactical decisions are made from the Torrance, California headquarters. (**Elkobaitry Decl. ¶10.**)

(3) All of Howmet Global Fastening Systems, Inc.'s corporate decisions and policymaking were made out of the Torrance, California headquarters. (**Elkobaitry Decl. ¶10.**)

(4) Howmet Global Fastening Systems, Inc.'s Chief Executive Officer, Vagner Finelli, lives and works in Southern California. (**Elkobaitry Decl. ¶10.**)

Defendants' removal papers only incorrectly point to the fact that (i) Howmet Global Fastening Systems, Inc. is organized and existing under the laws of Delaware, (ii) Howmet Global Fastening Systems, Inc.'s executive, administrative, and financial offices are located in Pittsburgh, Pennsylvania, (iii) Howmet Global Fastening Systems, Inc.'s executive, administrative, and financial offices are also located in Pittsburgh, Pennsylvania, and (iv) the vast majority of Howmet Global Fastening Systems, Inc.'s corporate decisions – including operational, executive, administrative, and policymaking decisions – are made at the Pittsburgh, Pennsylvania headquarters. Defendants make these allegations with no support or evidence, and they are demonstratively false in light of Howmet Global Fastening Systems, Inc.'s own filing with the California Secretary of State.

Thus, Defendants have clearly failed to meet their heavy burden to establish Howmet Global Fastening Systems, Inc. was not a California citizen at the time of removal. Even further, Plaintiff herein establishes that Howmet Global Fastening Systems, Inc.'s was in fact a California citizen. Accordingly, there is no diversity of citizenship and the motion for remand must be granted.

**D. <u>Plaintiff Requests Attorneys' Fees and Costs</u>.**

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447 (c). In the context of a remand order, pursuant to section 1447(c), district courts have "wide discretion" to decide whether to award attorneys' fees and costs. *See Moore v. Permanente Med. Grp.,* 981 F.2d 443, 447 (9th Cir. 1992). Defendants' filing their removal papers that directly contradict their own filings with the California Secretary

of State warrant an award of fees and costs. Howmet Global Fastening Systems, Inc. is inarguably a California citizen. The Court should therefore Order Defendants to pay Plaintiff's resulting fees incurred prosecuting this Motion in the total amount of $8,550. **(Javanmardi Decl. ¶8.)**

## V. CONCLUSION

Plaintiff's Motion to Remand should be granted, attorneys' fees and costs awarded to Plaintiff, and the case remanded to the Superior Court of California, County of Los Angeles.

Dated: July 19, 2024 JAVANMARDI LAW, PC | HOLMQUIST LAW, PC

By: /s/ Peter A. Javanmardi
Peter A. Javanmardi
Marc A. Holmquist
Attorneys for Plaintiff,
Hady Elkobaitry