Carney R. Shegerian, Esq. (State Bar No. 150461)
CShegerian@Shegerianlaw.com
SHEGERIAN & ASSOCIATES, INC.
11520 San Vicente Boulevard
Los Angeles, California 90049
Telephone: (310) 860-0770
Facsimile: (310) 860-0771

Peter A. Javanmardi, Esq. (State Bar No. 258449)
peter@javanmardilaw.com
Marc A. Holmquist, Esq. (State Bar No. 258406)
marc@holmquistlaw.com
Miranda A. Mossavar, Esq. (State Bar No. 279251)
miranda@mossavarlaw.com
JAVANMARDI LAW, PC | HOLMQUIST LAW, PC
1875 Century Park East, Suite 2250
Los Angeles, California 90067
Telephone: (424) 286-4240

Attorneys for Plaintiff HADY ELKOBAITRY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HADY ELKOBAITRY,

Plaintiff,

v.

HOWMET AEROSPACE, INC.; HOWMET GLOBAL FASTENING SYSTEMS, INC.; and DOES 1 through 10, Inclusive,

Defendants.

Case Number: 2:24-cv-05138 MRA (JPRx)

**PLAINTIFF'S OPPOSITION IN PART TO DEFENDANTS' FIRST EX PARTE APPLICATION TO CONTINUE SEPTEMBER 12, 2024 HEARING AND SCHEDULING CONFERENCE DATE AND RELATED BRIEFING DEADLINES**

(Filed Concurrently with Declaration of Peter Javanmardi)

**Courtroom: 10B**
**Judge: Hon. Monica Ramirez Almadani**
**Magistrate: Jean P. Rosenbluth**

**Trial Date: None Set**
**Action Filed: May 15, 2024**
**Action Removed: June 18, 2024**

///

## MEMORANDUM OF POINTS AND AUTHORIES

### 1. SUMMARY OF PLAINTIFF'S ARGUMENT

Plaintiff Hady Elkobaitry ("Plaintiff") has agreed and does not oppose Defendants' request for a brief continuance such that both the hearing on the Plaintiff's Motion for Order Remanding Action to State Court and the Scheduling Conference in this matter be continued from September 12, 2024 to October 3, 2024 to accommodate Defendants' counsel's scheduling conflict.

However, Plaintiff **does oppose** Defendants' request that the briefing schedule for responding to Plaintiff's Motion for an Order to Remand to the Los Angeles Superior Court be triggered by the new October 3, 2024 date that would prejudice Plaintiff.

Based on the current briefing schedule (September 12, 2024 hearing date) Defendants will have 34 days to oppose the subject motion based on Plaintiff's July 19, 2024 filing date and the current opposition date of August 22, 2024. Furthermore, the substantive jurisdictional issues raised in Plaintiff's motion were first brought to Defendants' attention during the Parties' meet and confer on June 24, 2024, giving Defendants nearly two months to investigate these issues prior to the date their opposition is currently due, August 22, 2024. (**Javanmardi Decl., ¶7.**)

### 2. THERE IS NO BASIS TO DELAY THE OPPOSITION TIMING AND THE REQUESTED DELAY WOULD BE PREJUDICIAL TO PLAINTIFF.

As discussed about, Plaintiff is agreeable to moving the hearing date to accommodate Defendants' counsel's scheduling conflict. However, it would be prejudicial to Plaintiff to delay the opposition timing where there is no basis to do so. In their meet and confer with Plaintiff's counsel, Defendants' have made the incredible assertion that multiple filings with the California Secretary of State naming a California principal place of business were a "scrivener's error." (**Javanmardi Decl., Exhibits 1&2.**) Defendants have had 6 weeks since learning of this jurisdictional issue with Defendants' secretary of state filings and have 8 additional days until the

current opposition due date. (**Javanmardi Decl., ¶¶ 7&8.**) If any evidence exists confirming these alleged mistakes, Defendants can surely find it in this time period. That they have not done so already is quite telling. There is simply no reason to give them more time on this issue. Ultimately, it is clear there is no basis to oppose Plaintiff's remand, given this position Defendants have taken (which so far lacks any support at all).

If Defendants do come up with some alleged evidence in this regard, the Court should view it with suspicion, and Plaintiff intends to request an order allowing limited discovery into such issues. In other words, if the Court is ultimately not inclined to grant the remand motion outright, and considers argument and evidence from Defendants that multiple Secretary of State filings were somehow a mistake, Plaintiff believes discovery into communications with Defendants and the third party who filed the statements is appropriate, including an electronically stored information ("ESI") search for all relevant communications and depositions of all relevant persons at the third party. (**Javanmardi Decl., ¶9.**)

Therefore, Plaintiff requests the Court leave the briefing schedule as is, with the opposition due on August 22, 2024, but Plaintiff has no objection to moving the hearing date to a convenient date for all Parties and the Court. Finally, Plaintiff requests the ability to file an amended motion or sur-reply with new evidence based on the proposed discovery discussed above.

Dated: August 14, 2024 JAVANMARDI LAW, PC | HOLMQUIST LAW, PC

By: /s/ Peter Javanmardi
Peter A. Javanmardi
Marc A. Holmquist
Attorneys for Plaintiff
HADY ELKOBAITRY