JASON E. MURTAGH (SBN 294830)
jason.murtagh@bipc.com
KOMAL JAIN (SBN 309827)
komal.jain@bipc.com
BUCHANAN INGERSOLL & ROONEY LLP
One America Plaza
600 West Broadway, Suite 1100
San Diego, CA 92101
Telephone: 619 239 8700
Fax: 619 702 3898

Attorneys for Defendants
HOWMET AEROSPACE INC., and
HOWMET GLOBAL FASTENING SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HADY ELKOBAITRY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HOWMET AEROSPACE, INC., HOWMET GLOBAL FASTENING SYSTEMS, INC., and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 2:24-cv-05138-MRA-JPR<br><br>*Assigned to: Hon. Mónica Ramírez Almadani*<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>Hearing Date: October 3, 2024<br>Time: 1:30 P.M.<br>Courtroom: 10B<br>Case Removed: June 18, 2024 |

# TABLE OF CONTENTS


I. INTRODUCTION ........................................ 1

II. STATEMENT OF FACTS ........................................ 2

- A. Defendants are Not California Citizens ........................................ 2
- B. HGFS's Secretary of State Annual Filing Was Inaccurately Amended to List California, and not Pittsburgh, Pennsylvania as the Principal Place of Business ........................................ 3
- C. The Parties' Meet and Confer Efforts ........................................ 4

III. ARGUMENT ........................................ 5

- A. A Corporation's Principal Place of Business is Where its High-Level Officers Direct, Control, and Coordinate its Activities, and Not Merely Where its Activities are Visible to the Public or its Forms are Filed ........................................ 5
- B. Complete Diversity Exists Because HGFS is Incorporated in Delaware and has its Principal Place of Businesses in Pennsylvania, ........................................ 7
  - 1. Plaintiff's Conclusory Declaration Fails to Establish that HGFS and Plaintiff do not have Complete Diversity of Citizenship ........................................ 8
  - 2. A Clerical Error on a Filing with the California Secretary of State Does Not Establish the Location of the Principal Place of Business. ........................................ 9
- C. Plaintiff is Not Entitled to an Award of Attorney's fees and Costs ........................................ 10

IV. CONCLUSION ........................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Colmenares v. Paedae, Inc.*
C.D. Cal., Oct. 22, 2021, No. CV 21-5221-DMG (KSX)) 2021 WL 4934976 ........ 6, 7

*Davis v. HSBC Bank Nev., N.A.*,
557 F.3d 1026 (9th Cir. Cal. 2009) ........ 9

*Ganesan v. GMAC Mortg., Inc.*,
No. C 11-0046, 2011 WL 1496099 (N.D. Cal. Apr. 20, 2011) ........ 10

*Herts Corp v. Friend*,
559 U.S. 77 (2010) ........ 1

*Hertz Corp. v. Friend*
(2010) 130 S. Ct. 1181 ........ 5, 6, 7, 11

*Indus. Tectronics, Inc. v. Aero Alloy*
(9th Cir. 1990) 912 F.2d 1090 ........ 5

*L'Garde, Inc. v. Raytheon Space & Airborne Sys.*,
805 F. Supp. 2d 932 (C.D. Cal. 2011) ........ 6, 8, 10

*Martin v. Franklin Capital Corp.*,
546 U.S. 132 (2005) ........ 11

*N. Cal. Power Agency v. AltaRock Energy, Inc.*,
No. 11-1749, 2011 WL 2415748 (N.D. Cal. June 15, 2011) ........ 10

*People of State of Cal. v. Steelcase Inc.*,
792 F. Supp. 84 (C.D. Cal. 1992) ........ 11

*State Farm Fire & Cas. Co v. Byrd*
(N.D. Cal. 1989) 710 F. Supp. 1292 ........ 5

**Statutes**

28 U.S.C. § 1332(a)(1) ........ 5

28 U.S.C. § 1332(c)(1) ........ 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Court should deny Hady Elkobaitry's ("Plaintiff's") Motion for Order Remanding Action to State Court ("Motion"). Plaintiff concedes that Defendant Howmet Aerospace Inc. ("Howmet Aerospace") is a citizen of Delaware (where it is incorporated) and Pennsylvania (where it has its principal place of business). He apparently concedes that Defendant Howmet Global Fastening Systems, Inc. ("HGFS") is a citizen of Delaware (where it is incorporated). Thus, Plaintiff's sole argument in support of remand is the assertion that HGFS is also a citizen of California (not Pennsylvania) because, he says, it has its principal place of business in California. This argument is based on only two things: (1) a single conclusory paragraph in his declaration; and (2) an incorrect third-party California Secretary of State filing, which mistakenly changed the original Pennsylvania address of HGFS to a California address. Neither has any merit.

Indeed, HGFS's principal place of business, or "nerve center,"[1] is in Pittsburgh, Pennsylvania:

1. HGFS's administrative, executive, financial, and technological functions originate from its nerve center and principal executive offices in Pittsburgh, Pennsylvania;[2]

2. Most of the HGFS officers and directors work out of Defendants' shared principal executive offices in Pittsburgh, Pennsylvania; and

3. Although a third party made an incorrect filing with the California Secretary of State listing HGFS's "Principal Office" as being in California,[3] that

---

[1] The relevant "nerve center" test for determining where a corporation is headquartered may mean that a corporation's nerve center could be in a location different from where the bulk of its business activities are visible to the public. *Herts Corp v. Friend*, 559 U.S. 77, 81 (2010).

[2] *See also* concurrently filed supporting Declaration of David Adams, Director and Vice President of HGFS.

[3] *See also* concurrently filed supporting Declaration of Tamara Kling, Representation Services Advisor of CT Corporation System ("CT Corp"), Ex. 1.

filing has since been corrected[4] to reflect that the Principal Office for HGFS is in Pittsburgh.

On these grounds, Plaintiff's Motion should be denied in its entirety.

## II. STATEMENT OF FACTS

### A. Defendants are Not California Citizens

Howmet Aerospace is, and at all times relevant to this litigation was, a corporation duly organized and existing under the laws of the State of Delaware. Declaration of Paul Myron ("Myron Decl.") ¶ 5. HGFS is, and at all times relevant to this litigation was, a corporation duly organized and existing under the laws of the State of Delaware. Myron Decl. ¶ 6, Ex. 1. HGFS is an incorporated subsidiary of Howmet Aerospace. Myron Decl. ¶ 7.

Both Howmet Aerospace's and HGFS's principal place of business is located at 201 Isabella St., Pittsburgh, Pennsylvania, 15212. Myron Decl. ¶ 8. Defendants share corporate and executive headquarters in Pittsburgh, Pennsylvania. *Id.* Defendants' executive and administrative functions are conducted from Pittsburgh, Pennsylvania. *Id.* Contrary to the representations in Plaintiff's motion that HGFS operations are limited to California, HGFS operates worldwide facilities including in New York, Arizona, Mexico, France, Germany, Hungary, Morocco, the United Kingdom, Australia, Japan, and China. Myron Decl. ¶¶ 8-9.

Officers at Defendants' headquarters in Pittsburgh are responsible for the overall direction, control, and coordination of Howmet Aerospace, Inc. and HGFS. Myron Decl. ¶ 10. These officers in Pittsburgh direct and control the overall operations for both entities, worldwide, not just for California. Myron Decl. ¶¶ 9-10. Of the eight HGFS officer roles, a majority of them are based out of Defendants' shared Principal Executive Offices in Pittsburgh, Pennsylvania. These include: the Vice President and Director, David Adams; Secretary, Kimberly Gregorio, Assistant

[4] *See also* concurrently filed Request for Judicial Notice of this corrected filing.

Secretary, Melanie Smith, and Vice President and Treasurer (for both Howmet Aerospace and HGFS), Paul Myron. Myron Decl. ¶ 10.

As a subsidiary of Howmet Aerospace, HGFS uses Howmet Aerospace corporate policies, and Howmet Aerospace corporate technology and resources, including platforms for travel and corporate contracts. Myron Decl. ¶ 11.

Additionally, many other functions are conducted from the headquarters in Pittsburgh, including decision-making regarding payroll vendors, implementation of any payroll system, and management of any payroll system. Myron Decl. ¶ 12. Further, any specific changes which need to be made for California employees of HGFS are managed from the headquarters in Pittsburgh, such as making changes to time clock functionality or other payroll-system related alterations. *Id.*

Perhaps the best evidence of HGFS's nerve center is Plaintiff's own paystubs and W-2's, which Plaintiff neglected to mention to the Court in his briefing and in his supporting declaration. Myron Decl. ¶ 13, Exs. 2-3. Those paystubs and W-2's all list the address – for both Howmet and HGFS – as 201 Isabella St., Pittsburgh, Pennsylvania, 15212. *Id.*

All tax filings for HGFS are subsumed within those of Howmet Aerospace, and they are all prepared by employees at the headquarters in in Pittsburgh, Pennsylvania. Myron Decl. ¶ 14, Ex.1. Moreover, Howmet Aerospace's unitary tax filings reflect that HGFS is a subsidiary of Howmet Aerospace. *Id.*

In addition, all Howmet locations around the world (including HGFS) report to the headquarters in Pittsburgh, Pennsylvania, where the vendor management and financial reporting systems are based. Myron Decl. ¶ 16.

### B. HGFS's Secretary of State Annual Filing Was Inaccurately Amended to List California, and not Pittsburgh, Pennsylvania as the Principal Place of Business

Howmet Aerospace and its subsidiaries use a third-party vendor, CT Corp, to process corporate filings nationwide. Myron Decl. ¶ 17. Importantly, HGFS's

previous annual foreign corporate registration filings with the California Secretary of State identified HGFS's address as 201 Isabella St., Pittsburgh, Pennsylvania 15212. Myron Decl. ¶ 18, Ex. 5.

Plaintiff's entire argument that HGFS's nerve center is in California is based on a Statement of information filed in 2024 in California. But Defendants never directed CT Corp to change HGFS's address on filings with the California Secretary of State. Myron Decl. ¶¶ 19-21. Indeed, it was only after reviewing the filing attached to Plaintiff's Motion that Defendants learned of the mistaken change in address for HGFS with the California Secretary of State. Myron Decl. ¶ 19.

Neither Defendant is aware of any instruction by any of their employees for CT Corp to change the address for HGFS in the filing. Myron Decl. ¶¶ 20-21. And upon investigating the matter, CT Corp confirmed with Defendants that *its* employees have no record of any instruction from either Defendant to change the principal place of business address from the previous 201 Isabella St., Pittsburgh, Pennsylvania, 15212 address to a California address. Myron Decl. ¶ 21.

As a result, Defendants have corrected this record with the California Secretary of State, and the address has been changed to the correct address of 201 Isabella St., Pittsburgh, Pennsylvania, 15212 address. Myron Decl. ¶ 22; Jain Decl. ¶ 2, Ex. 2; Kling Decl. ¶¶ 11-12, Ex. 2.

### C. The Parties' Meet and Confer Efforts

Defendants repeatedly explained to Plaintiff the above history, both before and after Plaintiff filed his Motion, and via telephone and email. Declaration of Komal Jain ("Jain Decl.") ¶¶ 4-8, Ex. 1. Defendants offered to stipulate to Plaintiff having more time to file this Motion. Jain Decl. ¶¶ 4-5. Plaintiff did not agree to stipulate. *Id.*

Specifically, during the course of the parties' meet and confer efforts, Defendants told Plaintiff that: (1) the current HGFS Secretary of State filing was incorrect; (2) Defendants did not know how or why it was incorrect, and had no

record of instructing its third-party filing vendor to make any change; and (3) Defendants likely would be correcting the filing. Jain Decl. ¶¶ 4-8.

## III. ARGUMENT

Under Section 1332, federal courts have original jurisdiction of "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states . . ." 28 U.S.C. § 1332(a)(1). For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

### A. A Corporation's Principal Place of Business is Where its High-Level Officers Direct, Control, and Coordinate its Activities, and Not Merely Where its Activities are Visible to the Public or its Forms are Filed

To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend* (2010) 130 S. Ct. 1181, 1192. The "nerve center" analysis focuses on the place at which the corporation's executive and administrative functions are conducted. *See Indus. Tectronics, Inc. v. Aero Alloy* (9th Cir. 1990) 912 F.2d 1090, 1092–93*; see also State Farm Fire & Cas. Co v. Byrd* (N.D. Cal. 1989) 710 F. Supp. 1292, 1293. "[I]f the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principal place of business' is New York." *Id.* at 96.

Here, as discussed above, Plaintiff's argument regarding the nerve center turns almost exclusively on a single form filed with the California Secretary of State. But the Supreme Court has expressly rejected this position. In *Hertz*, the Court held that "we reject suggestions such as…that the mere filing of a form…listing a

corporation's 'principal executive offices' would, without more, be sufficient proof to establish a corporation's 'nerve center.'" *Id.* at 97 (citations omitted).

In *Hertz*, the court recognized that that "under the 'nerve center' test we adopt today, there will be hard cases. For example, in this era of telecommuting, some corporations may divide their command and coordinating functions among officers who work at several different locations, perhaps communicating over the Internet." *Id.* at 95–96. Where that appears to be the situation, the 'nerve center' test "points courts in a single direction, toward the center of overall direction, control, and coordination." *Id.* at 96.

Further, courts in the Central District of California have held that, "based on the totality of the…facts," the principal place of business for a corporation was in Massachusetts, despite the fact that the company's "highly visible business activities" were in California. *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011) (citations omitted). That case is instructive here. In *L'Garde*, the court found the following evidence to be persuasive: five of the corporation's twelve officers worked out of the corporation's Massachusetts offices; the board of directors met in the corporation's Massachusetts offices; and the corporation's finance, information technology, and human resources' departments originated out of the corporation's Massachusetts offices. Finally, in *L'Garde*, the Court held that the defendant had "pled facts indicating its executive-level decisions are made from [the defendant's] Waltham, Massachusetts headquarters," a factor that "under the 'nerve center' test, the Court finds [] to be determinative." *Id.* at 941.

Finally, in determining a company's nerve center for purposes of diversity jurisdiction, the Central District has also looked to the location of the executive members of a corporation. In *Colmenares v. Paedae, Inc.*, the Court denied plaintiff's motion for remand, holding that the "[p]rincipal place of business" is a legal construct, not a corporate formality," and that one of the most important issues

in determining the principal place of business for diversity jurisdiction was the location of the company's high-level officers. *Colmenares*, C.D. Cal., Oct. 22, 2021, No. CV 21-5221-DMG (KSX)) 2021 WL 4934976, at *2 (citing *Hertz, supra*, 559 at 92-93).

### B. Complete Diversity Exists Because HGFS is Incorporated in Delaware and has its Principal Place of Businesses in Pennsylvania,

Plaintiff concedes that the jurisdictional amount is satisfied and that diversity exists between Plaintiff and Defendant Howmet Aerospace. ECF No. 8-1, at 11:8-12:16. Plaintiff also acknowledges that HGFS is a Delaware corporation. *See also* Myron Decl. ¶ 6, Ex. 1. The sole basis of the Motion is the location of HGFS's nerve center, which Plaintiff contends is California, not Pennsylvania. ECF No. 8-1, at 11:8-12:16.

Plaintiff's argument rests on two unsubstantiated claims: (1) an erroneous amendment to HGFS's Statement of Information listing a California address (which has since been corrected), and (2) a conclusory declaration from Plaintiff himself, simply asserting that California is HGFS's principal place of business and misidentifying Vagner Finelli as CEO. *Id.*

Plaintiff's contentions are insufficient to defeat diversity jurisdiction. Indeed, the preponderance of the evidence establishes that HGFS's principal place of business is outside California:

- HGFS's principal executive offices and headquarters are located in Pittsburgh, Pennsylvania. Myron Decl. ¶ 8.
- The majority of HGFS's eight highest corporate executive officers, including its Vice President, Director, Secretary, Assistant Secretary, Vice President, and Treasurer, are located in, and direct, control, and coordinate HGFS's worldwide operations from HGFS's Pittsburgh, Pennsylvania headquarters. Myron Decl. ¶¶ 9-10.

- HGFS utilizes crucial corporate policies, technology, and resources, of its parent company Howmet Aerospace, with which it shares principal executive offices in Pittsburgh, Pennsylvania. Myron Decl. ¶ 11.

- The payroll and related administrative functions crucial to HGFS's day-to-day operations worldwide are conducted in Pittsburgh. Myron Decl. ¶ 12.

- HGFS's central tax and finance departments operate from the shared principal executive offices in Pittsburgh, and the Internal Revenue Service communicates with HGFS via this address. Myron Decl. ¶ 14, Ex. 4.

- Plaintiff's own paystubs and W-2's all expressly state both Howmet and HGFS are located in Pittsburgh. Myron Decl. ¶ 13, Exs. 2-3.

As in *L'Garde*, the foregoing evidence demonstrates that HGFS's "nerve center" is in Pennsylvania and establishes complete diversity between Plaintiff and HGFS. Accordingly, Plaintiff's Motion to Remand should be denied.

**1. Plaintiff's Conclusory Declaration Fails to Establish that HGFS and Plaintiff do not have Complete Diversity of Citizenship**

In support of his Motion to Remand, Plaintiff attaches his own self-serving and conclusory declaration. ECF No. 8-4 ("Plaintiff's Declaration"). In it, Plaintiff declares that some undefined and unnamed "corporate decisions and policymaking" were made in California. *Id.*

At the outset, Plaintiff's Declaration is devoid of evidentiary support, and contains multiple inaccuracies. *See* concurrently filed Evidentiary Objections to Declaration of Hady Elkobaitry. For example, Plaintiff fails to establish that he has personal knowledge of the matters to which he has attested. *Id.* He claims intimate familiarity with corporate decision-making based on his roles at HGFS, but offers no explanation for how these positions afforded him knowledge of company-wide

corporate and organizational governance, particularly outside his operational responsibilities.

Plaintiff's declaration also misrepresents Vagner Finelli's title as CEO (rather than President) and focuses solely on Mr. Finelli's California residency (perhaps because it was drafted not based on any personal knowledge of Plaintiff–who surely would have known that HGFS doesn't have a CEO—but rather based only on a review of the incorrect corporate filing on which Plaintiff otherwise relies).[5] At the same time, Plaintiff conveniently ignores the citizenship and locations of the other key HGFS executives who are based out of Pittsburgh.

Moreover, Plaintiff does not mention (and cannot dispute) that his own paystubs and W-2s list HGFS's address as the location in Pittsburgh. Myron Decl. ¶ 14, Ex. 1.

Contrary to Plaintiff's claims, HGFS has its nerve center in Pittsburgh, where it shares corporate policymaking decisions and integral administrative functions with Howmet Aerospace. Myron Decl. ¶ 11. Plaintiff's self-serving declaration does nothing to establish otherwise, and is wholly insufficient to support his Motion.

**2. A Clerical Error on a Filing with the California Secretary of State Does Not Establish the Location of the Principal Place of Business.**

Federal diversity jurisdiction hinges on a corporation having only one "principal place of business." *Davis v. HSBC Bank Nev., N.A.,* 557 F.3d 1026, 1032 (9th Cir. Cal. 2009). In HGFS's case, this is Pittsburgh, Pennsylvania. In a futile attempt to manufacture an argument against diversity jurisdiction, Plaintiff places undue emphasis on an erroneous entry in HGFS's 2024 Statement of Information filed with the California Secretary of State. However, as noted above, such a filing

[5] *See also* Kling Decl. ¶ 12, explaining that the Secretary of State process for filing only permits names for static fields for "Chief Executive Officer" and "Chief Financial Officer", and does not permit alteration of these fields.

– even if it were intentional and correct – is not controlling. "California district courts have found that reliance on a single piece of evidence, such as a Secretary of State printout, is insufficient for a party to prove the location of its headquarters under the nerve center test." *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d at 940. (citing *N. Cal. Power Agency v. AltaRock Energy, Inc.,* No. 11-1749, 2011 WL 2415748, at *2-3 (N.D. Cal. June 15, 2011) and *Ganesan v. GMAC Mortg., Inc.,* No. C 11-0046, 2011 WL 1496099, at *2 (N.D. Cal. Apr. 20, 2011)). And here, the filing not only is not legally controlling, it was also just a simple clerical mistake.

The incorrect filing was submitted with an incorrect address by HGFS's third-party vendor responsible for nationwide corporate filings. Kling Decl. ¶ 7. The fact that this filing was in error is evidenced by the previous correct filings for HGFS with the California Secretary of State, listing the Pittsburgh, Pennsylvania headquarters as the principal place of business for HGFS. Myron Decl. ¶ 18, Ex. 5; Kling Decl. ¶ 6, Ex. 1. Notably, Defendants were completely unaware of the incorrect address until this litigation arose and Plaintiff stated an intent to seek remand. Myron Decl. ¶ 19. Furthermore, as documented in the Myron Declaration (¶¶ 17-22), the Kling Declaration (¶¶ 11-12, Ex. 2), and the Jain Declaration (¶ 9, Ex. 2), HGFS has rectified this mistake. Therefore, the erroneous address listed on a single filing that HGFS has since corrected cannot change the fact that HGFS's principal place of business is in Pennsylvania. *See also* Request for Judicial Notice filed concurrently herewith.

In this case, both Defendants and their vendor, CT Corp, have provided substantiated declarations affirming the inaccurate Secretary of State filing and HGFS's corrective measures. Accordingly, complete diversity of citizenship exists.

### C. Plaintiff is Not Entitled to an Award of Attorney's fees and Costs

Based on the foregoing, the Court should deny Plaintiff's Motion for Remand. Of course, even if the Court were to grant the Motion, attorney's fees here are

unwarranted. "[T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Removal statues were enacted by Congress to provide a federal forum to determine whether federal jurisdiction exists; "[i]f fee shifting were automatic, defendants might choose to exercise this right only in cases where the right to remove was obvious." *Martin*, 546 U.S. at 140. (*See also People of State of Cal. v. Steelcase Inc.*, 792 F. Supp. 84, 87 (C.D. Cal. 1992) ("In this case, defendant's arguments for removal jurisdiction, while novel, are at least colorable. Under these circumstances, the court declines to exercise its discretion in favor of granting attorney's fees") (internal citations omitted)).

Plaintiff here cannot meet this standard. Defendants removed this case based on the argument that HGFS's principal place of business was and is in Pennsylvania, and that complete diversity exists between the parties. Defendants also removed this matter based on the assumption that, as before, the California Secretary of State annual filing for HGFS continued to reflect that the principal place of business was in Pittsburgh, Pennsylvania. Throughout their investigation, Defendants were transparent with Plaintiff and his counsel about their rationale for removing this matter. Jain Decl. ¶¶ 4-9, Ex. 1.

There are no unusual circumstances present here in support of an award for fees. Under *Hertz* and its progeny, Defendants have bona fide, objectively reasonable grounds for seeking removal based on Defendants' knowledge of their own operations. In the event the Court were to grant Plaintiff's Motion, Plaintiff's request for an award of attorney's fees and costs should be denied.

## IV. CONCLUSION

For the foregoing reasons, complete diversity exists between Plaintiff and both of the Defendants, and the Court should deny Plaintiff's Motion to Remand in its entirety.

DATE: August 22, 2024

BUCHANAN INGERSOLL & ROONEY LLP

By: */s/ Komal Jain*
JASON E. MURTAGH
KOMAL JAIN
Attorneys for Defendants
HOWMET AEROSPACE INC., and
HOWMET GLOBAL FASTENING
SYSTEMS, INC.

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,379 words, which complies with the word limit of L.R. 11-6.1.

DATE: August 22, 2024

By: */s/ Komal Jain*
KOMAL JAIN