UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 2:24-cv-05138-MRA-JPR | Date | October 24, 2024 |
|---|---|---|---|
| Title | Hady Elkobaitry v. Howmet Aerospace, Inc., et al. | | |

| Present: The Honorable | MÓNICA RAMÍREZ ALMADANI, UNITED STATES DISTRICT JUDGE |
|---|---|

| Gabriela Garcia | None Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:** **(IN CHAMBERS) ORDER DENYING MOTION FOR AN ORDER TO REMAND TO THE LOS ANGELES SUPERIOR COURT**

Before the Court is Plaintiff's Motion for an Order to Remand this matter to Los Angeles County Superior Court (the "Motion"). ECF 8. The Court has read and considered the Motion and held a hearing on October 3, 2024. ECF 24. For the reasons stated herein, the Court **DENIES** the Motion.

## I.  BACKGROUND

On May 15, 2024, Plaintiff Hady Elkobaitry ("Plaintiff") filed this employment discrimination and harassment case against Defendants Howmet Aerospace, Inc. ("Howmet Aerospace"), Howmet Global Fastening Systems, Inc. ("Howmet Global"), and Does 1 through 10 in Los Angeles County Superior Court.[1] ECF 1-1 at 5. Plaintiff, who is a citizen of California and worked for Howmet Aerospace and Howmet Global (together, "Howmet") in Los Angeles County, alleges that, on April 19, 2023, Howmet unlawfully terminated him. *Id.* at 6 ¶¶ 1-2. At the time, Plaintiff was Howmet Global's Vice President and General Manager at seven different facilities. *Id.* at 6 ¶ 1; 8 ¶ 14. He was previously General Manager of three different Howmet facilities and Howmet's Director of Operations in City of Industry, California. *Id.* at 8 ¶ 14.

Plaintiff brings state-law claims for: (1) employment discrimination in violation of the California Fair Employment and Housing Act ("FEHA") (Cal. Gov. Code § 12940(a)); (2) failure to accommodate in violation of FEHA (Cal Gov. Code § 12940(m)); (3) failure to engage in a timely and good-faith interactive process in violation of FEHA (Cal. Gov. Code § 12940(n)); (4) harassment in violation of FEHA (Cal. Gov. Code § 12940(j)); (5) retaliation in violation of FEHA (Cal. Gov. Code §§ 12940(h), (m)(2)); (6) failure to prevent/remedy discrimination and/or

---

[1] Howmet Global is a subsidiary of Howmet Aerospace. ECF 12 at 6; ECF 12-4 ("Myron Decl.") at 5 ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05138-MRA-JPR | Date | October 24, 2024 |
|---|---|---|---|
| Title | Hady Elkobaitry v. Howmet Aerospace, Inc., et al. | | |

retaliation in violation of FEHA (Cal. Gov. Code § 12940(k)); (7) whistleblower retaliation (Cal. Lab. Code § 1102.5); (8) wrongful discharge in violation of public policy; and (9) intentional infliction of emotional distress.  *Id.* at 11-25 ¶¶ 24-95.

Plaintiff served Defendants with the Complaint and Summons on May 24, 2024.  ECF 1 at 9.  On June 18, 2024, Defendants filed an Answer to the Complaint and timely removed this action to federal court based on diversity jurisdiction.  *Id.* at 9-10.  Defendants maintain that Howmet Aerospace and Howmet Global are not citizens of California.  *Id.* at 10-11.  Both entities are organized and exist under Delaware law and their principal place of business is Pittsburgh, Pennsylvania.  *Id.* at 11.

On July 19, 2024, Plaintiff filed the instant Motion to Remand.  ECF 8.  Plaintiff concedes that Howmet Aerospace's principal place of business is Pittsburgh, Pennsylvania but argues that Howmet Global's principal place of business is Torrance, California.  ECF 8-1.  As a result, complete diversity for jurisdictional purposes does not exist.  *Id.* at 10-12.  Defendants oppose.  ECF 12.

## II.  LEGAL STANDARDS

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  They may exercise jurisdiction only when authorized by the Constitution or a statute.  *Id.*  A federal district court has diversity jurisdiction over a matter where the amount in controversy exceeds the sum or value of $75,000, and there is complete diversity among opposing parties.  28 U.S.C. § 1332(a)(1).  The parties do not dispute that the amount in controversy exceeds $75,000.  *See* ECF 1 at 10; 8-1.  The sole issue before the Court is whether the parties are completely diverse.  Complete diversity exists when "*each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).  A corporation is deemed to be a citizen of the state(s) in which it is incorporated and in which the corporation has its principal place of business.  28 U.S.C. § 1332(c)(1).

The removing defendant bears the burden of establishing that removal is proper.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).  Removal "may later be tested in the federal court, either on a motion by a party to remand, or by the court on its own motion."  *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1065 (9th Cir. 1992).  "[A]ny doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05138-MRA-JPR | Date | October 24, 2024 |
|---|---|---|---|
| Title | Hady Elkobaitry v. Howmet Aerospace, Inc., et al. | | |

## III. DISCUSSION

Plaintiff argues that Howmet Global is a citizen of California and therefore not diverse. ECF 8-1 at 10. Plaintiff's argument rests primarily on Howmet Global's 2024 Statement of Information Corporation ("Statement of Information"), filed with the State of California and attached to the Motion. ECF 8-1 at 11; 8-2 ("Javanmardi Decl."), Ex. 2. That Statement of Information shows that Howmet Global's principal office and mailing address is in Torrance, California. Javanmardi Decl., Ex. 2. In addition, Plaintiff explains in his Motion that the company's Chief Executive Officer, Chief Financial Officer, and Secretary are based in Torrance. ECF 8-1 at 11; Javanmardi Decl., Ex. 2. Moreover, Plaintiff states that all of Howmet Global's executive, administrative, and financial employees and offices are in Torrance, where corporate decisions are made, including operational, executive, administrative, policymaking, strategy, and tactical decisions. ECF 8-1 at 12; 8-3 ("Elkobaitry Decl.") ¶ 10. In support of these arguments, Plaintiff submitted copies of Human Resources policies that were executed by employees based in Torrance, and a copy of the LinkedIn page for Howmet Global President Vagner Finelli, listing his location as Torrance. ECF 13-1 at 9-39. At the hearing on the Motion, Plaintiff's Counsel argued that most of Howmet Global's employees are based in Torrance, and, again, that its President works out of Torrance.

A corporation's principal place of business is defined as the place "where a corporation's officers direct, control, and coordinate the corporation's activities"— "*i.e.*, its 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Harris v. Rand*, 682 F.3d 846, 851 (9th Cir. 2012) ("[A] principal place of business should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination[.]"). In *Hertz Corp.*, the Supreme Court expressly determined that a test focusing on the "total amount of business activities that the corporation conducts" in a state would lead to "strange results," because "if a corporation may be deemed a citizen of California on th[e] basis of activities [that] roughly reflect California's larger population . . . nearly every national retailer . . . will be deemed a citizen of California for diversity purposes." *Hertz Corp.*, 559 U.S. at 93-94 (quoting *Davis v. HSBC Bank Nev., N.A.*, 557 F.3d 1026, 1029-30 (9th Cir. 2009)) (internal quotation marks omitted). However, "if the record reveals attempts at manipulation—for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat—the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination[.]" *Hertz Corp.*, 559 U.S. at 97.

The Court finds that Defendants have sufficiently established "by competent proof" that Howmet Global's principal place of business is Pittsburgh, Pennsylvania. *See Hertz Corp.*, 559

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05138-MRA-JPR | Date | October 24, 2024 |
|---|---|---|---|
| Title | Hady Elkobaitry v. Howmet Aerospace, Inc., et al. | | |

U.S. at 96-97 ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof.") (citing *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)).

*First*, Defendants explain that the 2024 Statement of Information filed with the State of California erroneously stated Howmet Global's principal office location and address. ECF 12 at 13. Defendants did not know the address was incorrect on the Statement until Plaintiff sought to remand this matter. *Id.* Paul Myron, Vice President and Treasurer of Howmet Aerospace and Howmet Global in Pittsburgh, explained in his declaration that he is not aware of any instructions from his colleagues or any records directing CT Corp—the third-party vendor Howmet Aerospace and its subsidiaries use to process corporate filings nationwide—to change Howmet Global's address in the 2024 Statement of Information. ECF 12-4 ("Myron Decl.") ¶¶ 17, 20. Howmet Global has since corrected the address and filed a new Statement of Information with the State of California showing its principal office address and location in Pittsburgh. ECF 12 at 13. Defendants further point out that the Pittsburgh address was listed on its Statement of Information filed in years prior to 2023. ECF 12-5 ("Kling Decl.") ¶ 6. As evidence, Defendants attached to their Opposition the 2020 and 2021 Statements of Information filed with the State of California that listed Howmet Global's principal address in Pittsburgh, as well as the corrected 2024 Statement of Information. *See* Myron Decl., Ex. 5; Kling Decl.at 5-8; ECF 12-3 ("Jain Decl."), Ex. 2.

*Second*, Defendants explain that the majority of Howmet Global's eight highest corporate executive officers—including its Vice President and Director, Secretary, Assistant Secretary, and Treasurer—are in Pittsburgh. ECF 12 at 10; Myron Decl. ¶¶ 9-10. From there, the officers direct, control, and coordinate Howmet Global's worldwide operations, including "executive and administrative functions." ECF 12 at 10; Myron Decl. ¶¶ 8-10. Defendants also show that Howmet Global's payroll and related administrative functions are based in Pittsburgh; central tax and finance departments operate from Pittsburgh; and Plaintiff's paystubs all explicitly stated that both Howmet Aerospace and Howmet Global are in Pittsburgh. ECF 12 at 11; Myron Decl. at 4-5 ¶¶ 13-14, Exs. 2-4. Moreover, Howmet Global uses the corporate policies, technology, and resources of its parent company, Howmet Aerospace, with which it shares principal executive offices in Pittsburgh. ECF 12 at 11; Myron Decl. ¶ 11. In support of their position, Defendants submitted copies of Plaintiff's pay stubs, tax documents, and a letter from the U.S. Internal Revenue Service to Howmet Global, listing Howmet Global's address as Pittsburgh. Myron Decl., Exs. 2-4.

Considering the totality of facts alleged by Plaintiff and the evidence presented by Defendants, the Court finds that Defendants have satisfied their burden of establishing that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:24-cv-05138-MRA-JPR | Date | October 24, 2024 |
|---|---|---|---|
| Title | Hady Elkobaitry v. Howmet Aerospace, Inc., et al. | | |

Pittsburgh is Howmet Global's "nerve center." *Cf. L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 940 (C.D. Cal. 2011) (determining that defendant's showing that five of its 12 executive officers worked out of its Massachusetts office; nationwide operations and control of human resources, information and technology, and finance departments originated from there; its board of directors met there; and the California Secretary of State and defendant's Form 10-K recognized defendant's company headquarters as Massachusetts, "persuad[ed] the Court to find, based on the totality of the circumstances," that defendant's headquarters were in Massachusetts); *Hydroxycut Mktg. and Sales Pracs. Litig.*, No. 09MD2087, 2010 WL 2998855, at *2-4 (S.D. Cal. July 29, 2010) (finding that, despite the presence of a large New York facility, the defendant's principal place of business was in the location where high-level executive decisions were made—Ontario, Canada). Accordingly, Plaintiff does not share citizenship with any of the Defendants, complete diversity exists, and this Court has diversity jurisdiction over this matter.

In his Motion, pursuant to 28 U.S.C. § 1447(c), Plaintiff requested attorney fees and costs. The Court declines to grant attorney fees because removal was appropriate.

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**

|  | - | : | - |
|---|---|---|---|
| | Initials of Deputy Clerk | gga | |